UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

BRANDON NATHANIEL and HASSAN SHEFTALL,                    Index No.:

                                              Plaintiffs,        16-CV-00256 (RRM)(RER)

        vs.
                                                          **AMENDED COMPLAINT**

CITY OF NEW YORK, POLICE OFFICER JOHN DOE #1               **Plaintiffs demand Trial by**
Individually, POLICE OFFICER JOHN DOE #2 Individually,     **Jury**
POLICE OFFICER JOHN DOE #3 Individually, POLICE
OFFICER JOHN COYLE Individually, POLICE OFFICER
KEVIN DELEON Individually, POLICE OFFICER
SALVATORE MELORE Individually, POLICE OFFICER
JOHN DOE #7 Individually, POLICE OFFICER JOHN DOE #8
Individually, POLICE OFFICER JOHN DOE #9 Individually,
POLICE OFFICER JOHN DOE #10, Individually, POLICE
OFFICER JOHN DOE #11, Individually and other currently
unidentified Police Officers believed to be assigned to 79th
Precinct,

                                              Defendants.

--------------------------------------------------------------------------------X

        Plaintiffs complaining of the Defendants by their attorneys, Tumelty & Spier, LLP,

hereby allege, upon information and belief, as follows:


                                **PREAMBLE**


        1.      This is an action to redress the deprivation by the Defendants of the rights

secured to the Plaintiffs by the Constitution and Laws of the United States and the State of

New York.

2.      Jurisdiction of this Court is invoked under the provisions of Sections 1331, 1343(3), and 1367(a) of Title 28, United States Code and pursuant to Sections 1983 and 1988 of Title 42, United States Code.

3.      Venue is placed in the Eastern District of New York because it is the District where the Plaintiffs reside and where the claimed acts and omissions occurred.

4.      A valid Notice of Claim for Plaintiffs regarding each of the claims herein were filed with the City of New York on or about January 28, 2015 (for two Individual Plaintiffs) and April 23, 2015 (two separate incidents), respectively, within ninety (90) days of the accrual of the four (4) claims delineated below.

5.      The Plaintiffs appeared and were questioned by representatives of the Defendant City of New York at Hearings pursuant to General Municipal Law section 50-H were held on September 29, 2015, October 22, 2015 (two separate claims) and October 23, 2015 respectively.

## THE PARTIES

6.      Plaintiff Brandon NATHANIEL (hereinafter "NATHANIEL") was and still is an adult resident of Kings County, City and State of New York.

7.      Plaintiff HASSAN SHEFTALL (hereinafter "SHEFTALL") was and still is an adult resident of Kings County, City and State of New York.

8.      That both Plaintiffs Nathaniel and Sheftall are of African American descent.

9.      The Defendant CITY OF NEW YORK is a municipal corporation formed and existing pursuant to the laws of the State of New York.

10.     The Defendant CITY OF NEW YORK is responsible for the hiring, training, staffing, and supervision of the New York City Police Department.

11.     The Defendant POLICE OFFICER JOHN DOE #1, a police officer employed by the New York Police Department, whose name is currently unknown (hereafter "P.O. JOHN DOE #1") is an adult resident of the State of New York.

12.     That P.O. JOHN DOE #1, a fictitious name for a person currently unidentified by name, upon information and belief, was assigned to the 79th Police Precinct at all times herein mentioned.

13.     At all relevant times P.O. JOHN DOE #1 was employed as a New York City Police Officer and was employed by the City of New York.

14.     At all relevant times P.O. JOHN DOE #1 was assigned to an unmarked patrol car, namely, black 4-door Chevrolet Impala bearing plates number "SXY2319," within the confines of the 79th Police precinct.

15.     At all times hereinafter mentioned, Defendant P.O. JOHN DOE #1 was acting within the scope of his employment and in the furtherance of his duties with the City of New York.

16.     Defendant P.O. JOHN DOE #1 is sued only in his individual capacity.

17.     At all times hereinafter mentioned, Defendant P.O. JOHN DOE #1 was acting under color of law, to wit:  The laws of the State of New York and City of New York.

18.     The Defendant POLICE OFFICER JOHN DOE #2, a police officer employed by the New York Police Department, whose name is currently unknown (hereafter "P.O. JOHN DOE #2") is an adult resident of the State of New York.

19. That P.O. JOHN DOE #2, a fictitious name for a person currently unidentified by name, upon information and belief, was assigned to the 79th Police Precinct at all times herein mentioned.

20. At all relevant times P.O. JOHN DOE #2 was employed as a New York City Police Officer and was employed by the City of New York.

21. At all relevant times P.O. JOHN DOE #2 was working as a partner to P.O. John Doe #1 at all times herein.

22. At all relevant times P.O. JOHN DOE #2 was assigned to an unmarked patrol car, namely, black 4-door Chevrolet Impala bearing plates number "SXY2319," within the confines of the 79th Police precinct.

23. At all times hereinafter mentioned, Defendant P.O. JOHN DOE #2 was acting within the scope of his employment and in the furtherance of his duties with the City of New York.

24. Defendant P.O. JOHN DOE #2 is sued only in his individual capacity.

25. At all times hereinafter mentioned, Defendant P.O. JOHN DOE #2 was acting under color of law, to wit: The laws of the State of New York and City of New York.

26. The Defendant POLICE OFFICER JOHN DOE #3, a police officer employed by the New York Police Department, whose name is currently unknown (hereafter "P.O. JOHN DOE #3") is an adult resident of the State of New York.

27. That P.O. JOHN DOE #3, a fictitious name for a person currently unidentified by name, upon information and belief, was assigned to the 79th Police Precinct at all times herein mentioned.

28.     At all relevant times P.O. JOHN DOE #3 was employed as a New York City Police Officer and was employed by the City of New York.

29.     At all relevant times P.O. JOHN DOE #3 was working as a partner to P.O. John Doe #1 at all times herein.

30.     At all relevant times P.O. JOHN DOE #3 was assigned to an unmarked patrol car, namely, black 4-door Chevrolet Impala bearing plates number "SXY2319," within the confines of the 79th Police precinct.

31.     At all times hereinafter mentioned, Defendant P.O. JOHN DOE #3 was acting within the scope of his employment and in the furtherance of his duties with the City of New York.

32.     Defendant P.O. JOHN DOE #3 is sued only in his individual capacity.

33.     At all times hereinafter mentioned, Defendant P.O. JOHN DOE #3 was acting under color of law, to wit: The laws of the State of New York and City of New York.

34.     The Defendant POLICE OFFICER JOHN COYLE, Shield No. 04379, a police officer employed by the New York Police Department (hereafter "P.O. COYLE") is an adult resident of the State of New York.

35.     That P.O. COYLE, upon information and belief, was assigned to the 73rd Police Precinct at all times herein mentioned.

36.     At all relevant times P.O. COYLE was employed as a New York City Police Officer and was employed by the City of New York.

37.     At all relevant times P.O. COYLE was assigned to an unmarked patrol car, namely silver Impala with heavily tinted windows bearing plates number EJN 2391, within the confines of the 79th Police precinct.

38.     At all times hereinafter mentioned, Defendant P.O. COYLE was acting within the scope of his employment and in the furtherance of his duties with the City of New York.

39.     Defendant P.O. COYLE is sued only in his individual capacity.

40.     At all times hereinafter mentioned, Defendant P.O. COYLE was acting under color of law, to wit:  The laws of the State of New York and City of New York.

41.     The Defendant POLICE OFFICER KEVIN DELEON, Shield No. 16767, a police officer employed by the New York Police Department (hereafter "P.O. DELEON") is an adult resident of the State of New York.

42.     That P.O. DELEON, upon information and belief, was assigned to the Patrol Borough Brooklyn North at all times herein mentioned.

43.     At all relevant times P.O. DELEON was employed as a New York City Police Officer and was employed by the City of New York.

44.     At all relevant times P.O. DELEON was working as a partner to P.O. COYLE at all times herein.

45.     At all relevant times P.O. DELEON was assigned to an unmarked patrol car, namely silver Impala with heavily tinted windows bearing plates number EJN 2391, within the confines of the 79th Police precinct.

46.     At all times hereinafter mentioned, Defendant P.O. DELEON was acting within the scope of his employment and in the furtherance of his duties with the City of New York.

47.     Defendant P.O. DELEON is sued only in his individual capacity.

48.     At all times hereinafter mentioned, Defendant P.O. DELEON was acting under color of law, to wit:  The laws of the State of New York and City of New York.

49.     The Defendant POLICE OFFICER SALVATORE MELORE, Shield No. 02092, a police officer employed by the New York Police Department (hereafter "P.O. MELORE") is an adult resident of the State of New York.

50.     That P.O. MELORE, upon information and belief, was assigned to the Patrol Borough Brooklyn North at all times herein mentioned.

51.     At all relevant times P.O. MELORE was employed as a New York City Police Officer and was employed by the City of New York.

52.     At all relevant times P.O. MELORE was working as a partner to P.O. COYLE at all times herein.

53.     At all relevant times P.O. MELORE was assigned to an unmarked patrol car, namely silver Impala with heavily tinted windows bearing plates number EJN 2391, within the confines of the 79th Police precinct.

54.     At all times hereinafter mentioned, Defendant P.O. MELORE was acting within the scope of his employment and in the furtherance of his duties with the City of New York.

55.     Defendant P.O. MELORE is sued only in his individual capacity.

56.     At all times hereinafter mentioned, Defendant P.O. MELORE was acting under color of law, to wit:  The laws of the State of New York and City of New York.

57.     The Defendant POLICE OFFICER JOHN DOE #7, a police officer employed by the New York Police Department, whose name is currently unknown (hereafter "P.O. JOHN DOE #7") is an adult resident of the State of New York.

58.     That P.O. JOHN DOE #7, a fictitious name for a person currently unidentified by name, upon information and belief, was assigned to the 79th Police Precinct at all times herein mentioned.

59.     At all relevant times P.O. JOHN DOE #7 was employed as a New York City Police Officer and was employed by the City of New York.

60.     At all relevant times P.O. JOHN DOE #7 was working as a partner to P.O. COYLE at all times herein.

61.     At all relevant times P.O. JOHN DOE #7 was assigned to an unmarked patrol car, namely silver Impala with heavily tinted windows bearing plates number EJN 2391, within the confines of the 79th Police precinct.

62.     At all times hereinafter mentioned, Defendant P.O. JOHN DOE #7 was acting within the scope of his employment and in the furtherance of his duties with the City of New York.

63.     Defendant P.O. JOHN DOE #7 is sued only in his individual capacity.

64.     At all times hereinafter mentioned, Defendant P.O. JOHN DOE #7 was acting under color of law, to wit:  The laws of the State of New York and City of New York.

65.    The Defendant POLICE OFFICER JOHN DOE #8, a police officer employed by the New York Police Department, whose name is currently unknown (hereafter "P.O. JOHN DOE #8") is an adult resident of the State of New York.

66.    That P.O. JOHN DOE #8, a fictitious name for a person currently unidentified by name, upon information and belief, was assigned to the 79th Police Precinct at all times herein mentioned.

67.    At all relevant times P.O. JOHN DOE #8 was employed as a New York City Police Officer and was employed by the City of New York.

68.    At all relevant times P.O. JOHN DOE #8 was assigned to an unmarked patrol car, namely unmarked black 4-door black Impala bearing New York License Plate "DCU 7185," within the confines of the 79th Police precinct.

69.    At all times hereinafter mentioned, Defendant P.O. JOHN DOE #8 was acting within the scope of his employment and in the furtherance of his duties with the City of New York.

70.    Defendant P.O. JOHN DOE #8 is sued only in his individual capacity.

71.    At all times hereinafter mentioned, Defendant P.O. JOHN DOE #8 was acting under color of law, to wit:  The laws of the State of New York and City of New York.

72.    The Defendant POLICE OFFICER JOHN DOE #9, a police officer employed by the New York Police Department, whose name is currently unknown (hereafter "P.O. JOHN DOE #9") is an adult resident of the State of New York.

73.     That P.O. JOHN DOE #9, a fictitious name for a person currently unidentified by name, upon information and belief, was assigned to the 79th Police Precinct at all times herein mentioned.

74.     At all relevant times P.O. JOHN DOE #9 was employed as a New York City Police Officer and was employed by the City of New York.

75.     At all relevant times P.O. JOHN DOE #9 was working as a partner to P.O. John Doe #8 at all times herein.

76.     At all relevant times P.O. JOHN DOE #9 was assigned to an unmarked patrol car, namely black 4-door black Impala bearing New York License Plate "DCU 7185," within the confines of the 79th Police precinct.

77.     At all times hereinafter mentioned, Defendant P.O. JOHN DOE #9 was acting within the scope of his employment and in the furtherance of his duties with the City of New York.

78.     Defendant P.O. JOHN DOE #9 is sued only in his individual capacity.

79.     At all times hereinafter mentioned, Defendant P.O. JOHN DOE #9 was acting under color of law, to wit:  The laws of the State of New York and City of New York.

80.     The Defendant POLICE OFFICER JOHN DOE #10, a police officer employed by the New York Police Department, whose name is currently unknown (hereafter "P.O. JOHN DOE #10") is an adult resident of the State of New York.

81.     That P.O. JOHN DOE #10, a fictitious name for a person currently unidentified by name, upon information and belief, was assigned to the 79th Police Precinct at all times herein mentioned.

82.     At all relevant times P.O. JOHN DOE #10 was employed as a New York City Police Officer and was employed by the City of New York.

83.     At all relevant times P.O. JOHN DOE #10 was working as a partner to P.O. John Doe #8 at all times herein.

84.     At all relevant times P.O. JOHN DOE #10 was assigned to an unmarked patrol car, namely a silver Chevrolet Impala, within the confines of the 79th Police precinct.

85.     At all times hereinafter mentioned, Defendant P.O. JOHN DOE #10 was acting within the scope of his employment and in the furtherance of his duties with the City of New York.

86.     Defendant P.O. JOHN DOE #10 is sued only in his individual capacity.

87.     At all times hereinafter mentioned, Defendant P.O. JOHN DOE #10 was acting under color of law, to wit:  The laws of the State of New York and City of New York.

88.     The Defendant POLICE OFFICER JOHN DOE #11, a police officer employed by the New York Police Department, whose name is currently unknown (hereafter "P.O. JOHN DOE #11") is an adult resident of the State of New York.

89.     That P.O. JOHN DOE #11, a fictitious name for a person currently unidentified by name, upon information and belief, was assigned to the 79th Police Precinct at all times herein mentioned.

90.     At all relevant times P.O. JOHN DOE #11 was employed as a New York City Police Officer and was employed by the City of New York.

91.     At all relevant times P.O. JOHN DOE #11 was working as a partner to P.O. John Doe #8 at all times herein.

92.     At all relevant times P.O. JOHN DOE #11 was assigned to an unmarked patrol car, namely a silver Chevrolet Impala, within the confines of the 79th Police precinct.

93.     At all times hereinafter mentioned, Defendant P.O. JOHN DOE #11 was acting within the scope of his employment and in the furtherance of his duties with the City of New York.

94.     Defendant P.O. JOHN DOE #11 is sued only in his individual capacity.

95.     At all times hereinafter mentioned, Defendant P.O. JOHN DOE #11 was acting under color of law, to wit:  The laws of the State of New York and City of New York.

96.     At all times mentioned in this Complaint, the individual Defendants acted jointly and in concert with one another.  Each Defendant had the duty and the opportunity to protect the Plaintiffs from the unlawful actions of the other Defendants, namely the unlawful stop, unlawful detention, unlawful search, unlawful seizure, assault, battery, and violation of civil rights, but each Defendant failed and refused to perform such duty, thereby proximately causing the Plaintiffs' injuries.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK AND DEFENDANT POLICE OFFICERS JOHN DOE #1 THROUGH #3 FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS (§1983) ON BEHALF OF BRANDON NATHANIEL AND HASSAN SHEFTALL (NOVEMBER 14, 2014) (TPO #1).**

97.     On November 14, 2014, at approximately 8:00 PM, Plaintiffs Nathaniel and Sheftall, accompanied by Plaintiff Sheftall's infant 2-year son Dayshawn Sheftall, were traveling

together in a vehicle driven by Plaintiff Nathaniel in the vicinity of Willougbhy Avenue, between Marcus Garvey Boulevard and Lewis Avenue in Brooklyn, New York.

98.  At that date, time, and location Plaintiffs were not engaged in any unlawful or criminal acts.

99.  That P.O. JOHN DOE #1, P.O. JOHN DOE #2 and P.O. JOHN DOE #3 (hereafter collectively referred to as "P.O JOHN DOE #1 AND HIS PARTNERS") were not in uniform and driving in an unmarked patrol car, namely four-door Chevrolet Impala bearing New York license plates "SXY2319."

100.  That P.O JOHN DOE #1 AND HIS PARTNERS were not responding to any dispatched call at the time that they began following Plaintiffs NATHANIEL and SHEFTALL'S vehicle.

101.  That P.O JOHN DOE #1 AND HIS PARTNERS turned on the signal lights to stop Plaintiffs NATHANIEL AND SHEFTALL'S vehicle in which they were traveling.

102.  That P.O JOHN DOE #1 AND HIS PARTNERS stopped their patrol car and approached Plaintiffs NATHANIEL and SHEFTALL'S with their handguns drawn and asked Plaintiffs to produce their identification.

103.  Plaintiffs NATHANIEL and SHEFTALL complied with the police officers' demands and produced their identification.

104.  That after production of the Plaintiffs NATHANIEL and SHEFTALL'S identification, P.O JOHN DOE #1 AND HIS PARTNERS ordered Plaintiffs NATHANIEL and SHEFTALL to step out of their vehicle.

105.   That after Plaintiffs NATHANIEL and SHEFTALL stepped out of their vehicle, P.O JOHN DOE #1 AND HIS PARTNERS patted Plaintiffs down as they were forced against Plaintiffs' vehicle.

106.   That after Plaintiffs NATHANIEL and SHEFTALL were forcibly patted down including socks and sneakers, were asked to remove pocket contents, the Plaintiffs' vehicle's trunk was searched by P.O JOHN DOE #1 AND HIS PARTNERS.

107.   That after Plaintiffs' vehicle was searched, P.O JOHN DOE #1 AND HIS PARTNERS left without providing any explanations why Plaintiffs NATHANIEL and SHEFTALL, and their vehicle, were stopped and searched, nor was any stop and search report or other documentation provided to Plaintiffs.

108.   That the above actions by Defendants P.O JOHN DOE #1 AND HIS PARTNERS violated the rights granted to Plaintiffs NATHANIEL and SHEFTALL pursuant to the Fourth and Fourteenth Amendment to the United States Constitution.  As such, Plaintiffs NATHANIEL and SHEFTALL seek relief pursuant to USC 42 § 1983.

109.   That due to the above acts of the named Defendants and Defendant City of New York, Plaintiffs NATHANIEL and SHEFTALL sustained damages.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE DEFENDANT CITY OF NEW YORK AND DEFENDANT POLICE OFFICERS JOHN DOE #1 THROUGH #3 FOR VIOLATION OF STATE CONSTITUTIONAL RIGHTS ON BEHALF OF BRANDON NATHANIEL AND HASSAN SHEFTALL (NOVEMBER 14, 2014) (TPO #1).

110.   Plaintiffs NATHANIEL and SHEFTALL repeat and reiterate the preceding paragraphs as if fully set forth.

111.   That the acts of the Defendants P.O JOHN DOE #1 AND HIS PARTNERS violated the rights granted to the Plaintiffs NATHANIEL and SHEFTALL pursuant to Article 1 § 12 of the New York State Constitution.  As such, Plaintiffs NATHANIEL and SHEFTALL seek relief pursuant to *Brown v. State*, 89 NY2d 172 (1996).

112.   That due to the above acts of the Defendants P.O JOHN DOE #1 AND HIS PARTNERS, Plaintiffs NATHANIEL and SHEFTALL sustained damages.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK AND DEFENDANT POLICE OFFICERS JOHN DOE #1 THROUGH #3 FOR UNLAWFUL SEIZURE AND FALSE IMPRISONMENT ON BEHALF OF BRANDON NATHANIEL AND HASSAN SHEFTALL (NOVEMBER 14, 2014) (TPO #1).

113.   On November 14, 2014 at approximately 8:00 PM, in the vicinity of Willoughby Avenue, between Marcus Garvey Boulevard and Lewis Avenue in Brooklyn, New York, Defendants P.O JOHN DOE #1 AND HIS PARTNERS, detained and seized Plaintiffs NATHANIEL and SHEFTALL.

114.   Defendants P.O JOHN DOE #1 AND HIS PARTNERS intended to detain, and seize Plaintiffs NATHANIEL and SHEFTALL.

115.   At the time of the detention and seizure of the Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA on November 14, 2014 there was no warrant of arrest outstanding for Plaintiffs NATHANIEL and SHEFTALL.

116.   The detention and seizure of Plaintiffs NATHANIEL and SHEFTALL by Defendants P.O JOHN DOE #1 AND HIS PARTNERS was unlawful.

117.   There was no probable cause or legal justification to detain, or seize Plaintiffs NATHANIEL and SHEFTALL.

118.   There was no legal justification or excuse for the detention and seizure of Plaintiffs NATHANIEL and SHEFTALL.

119.   Each Defendant P.O JOHN DOE #1 AND HIS PARTNERS knew that there was no probable cause or legal basis to seize or detain Plaintiffs NATHANIEL and SHEFTALL.

120.   Plaintiffs NATHANIEL and SHEFTALL were aware and conscious of their seizure, confinement and detention.

121.   Plaintiffs NATHANIEL and SHEFTALL did not consent to their detention or seizure of their persons by Defendants P.O JOHN DOE #1 AND HIS PARTNERS.

122.   Defendants P.O JOHN DOE #1 AND HIS PARTNERS committed the above acts under color of state law.

123.   As the result of the foregoing, Plaintiffs NATHANIEL and SHEFTALL feared for their personal safety, were deprived of their liberty, subjected to scorn, ridicule, embarrassment, and sustained other consequential damages.

124.   Due to the above stated acts of Defendant CITY OF NEW YORK and Defendants P.O. JOHN DOE #1 AND HIS PARTNERS, Plaintiffs NATHANIEL and SHEFTALL have sustained damages.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK AND DEFENDANT POLICE OFFICERS JOHN DOE #1 THROUGH #3 FOR ASSAULT ON BEHALF OF BRANDON NATHANIEL AND HASSAN SHEFTALL (NOVEMBER 14, 2014) (TPO #1).

125.   Plaintiffs repeat the preceding paragraphs as if fully set forth.

126.   That during the seizure and detention of Plaintiffs NATHANIEL and SHEFTALL, the officers caused Plaintiffs to reasonably fear that the Defendants P.O JOHN DOE #1 AND HIS PARTNERS were about to cause a harmful and offensive bodily contact with the persons of the Plaintiffs NATHANIEL and SHEFTALL.

127.   That the Defendants P.O JOHN DOE #1 AND HIS PARTNERS intentionally acted to place Plaintiffs NATHANIEL and SHEFTALL in fear of their harmful and offensive conduct.

128.   That the Defendants did grab Plaintiffs NATHANIEL and SHEFTALL and forcibly searched NATHANIEL and SHEFTALL and did cause physical contacts with Plaintiffs NATHANIEL and SHEFTALL'S persons.

129.   That the acts of the Defendants P.O JOHN DOE #1 AND HIS PARTNERS were not justified.

130.   That due to the above acts of the Defendants CITY OF NEW YORK and

Defendants P.O JOHN DOE #1 AND HIS PARTNERS, Plaintiffs NATHANIEL and

SHEFTALL sustained damages.

131.   Due to the above, Plaintiffs NATHANIEL and SHEFTALL have sustained

damages.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK AND DEFENDANT POLICE OFFICERS JOHN DOE #1 THROUGH #3 FOR BATTERY ON BEHALF OF BRANDON NATHANIEL AND HASSAN SHEFTALL (NOVEMBER 14, 2014) (TPO #1).

132.   Plaintiffs NATHANIEL and SHEFTALL repeat the preceding paragraphs as if fully

set forth.

133.   That during the arrest of Plaintiffs NATHANIEL and SHEFTALL, Defendants P.O

JOHN DOE #1 AND HIS PARTNERS did use a harmful and offensive bodily contact

with the persons of the Plaintiffs NATHANIEL and SHEFTALL.

134.   That Plaintiffs NATHANIEL and SHEFTALL were forcibly patted down, including

the genital areas, during the arrest by Defendants P.O JOHN DOE #1 AND HIS

PARTNERS.

135.   That the Defendants P.O JOHN DOE #1 AND HIS PARTNERS acted

intentionally in causing the harmful and offensive physical contact with Plaintiffs

NATHANIEL and SHEFTALL.

136. That Plaintiffs NATHANIEL and SHEFTALL did not consent to the offensive and harmful contacts.

137. That the acts of Defendants P.O JOHN DOE #1 AND HIS PARTNERS were not justified.

138. That due to the above acts of the Defendant City of New York and Defendants P.O JOHN DOE #1 AND HIS PARTNERS, Plaintiffs NATHANIEL and SHEFTALL sustained damages.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST CITY OF NEW YORK ON BEHALF OF BRANDON NATHANIEL AND HASSAN SHEFTALL (NOVEMBER 14, 2014) (TPO #1).

139. Plaintiffs NATHANIEL and SHEFTALL repeat the preceding paragraphs as if fully set forth.

140. That the City of New York had a formal policy in place regarding the handling of arrests, stops and frisks, by NYPD police officers that was promulgated and adopted.

141. That at the time of the claims herein there was in existence the unlawful practice of stopping, detaining and searching persons on less than probable cause by subordinate officials that was so permanent and well settled and pervasive in the New York City Police Department so as to constitute a "custom or usage" which practice is so manifest as to imply the acquiescence of this custom and usage by policy making officials of the Defendant CITY OF NEW YORK.

142.   That the failure by Defendant CITY OF NEW YORK to properly train and supervise their police officer employees, including co-Defendants P.O JOHN DOE #1 AND HIS PARTNERS involved in Plaintiffs NATHANIEL and SHEFTALL'S stop, detention and seizure, amounts to deliberate indifference to the rights of those with whom the municipality's employees are known to interact.

143.   That co-Defendants P.O JOHN DOE #1 AND HIS PARTNERS violated the constitutional rights of Plaintiffs NATHANIEL and SHEFTALL as set forth above and due to the policies and practices of the Defendant CITY OF NEW YORK.

144.   Due to the above, Plaintiffs NATHANIEL and SHEFTALL have sustained damages.

## AS AND FOR AN SEVENTH CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK, DEFENDANT POLICE OFFICER COYLE, DEFENDANT POLICE OFFICER DELEON, DEFENDANT POLICE OFFICER MELORE AND DEFENDANT POLICE JOHN DOE #7 FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS (§1983) ON BEHALF OF PLAINTIFF NATHANIEL (FEBRUARY 3, 2015) (TPO #2).

145.   On February 3, 2015 at approximately 9:00 PM, Plaintiff NATHANIEL and Curtis Wright were walking in the vicinity of Marcus Garvey Boulevard, between Willoughby Avenue and Vernon Avenue in Brooklyn, New York.

146.   At that date, time, and location Plaintiff NATHANIEL was not engaged in any unlawful or criminal acts, nor was Curtis Wright engaged in any of such acts.

147.   That on February 3, 2015 at approximately 9:00 PM, P.O. COYLE, P.O. DELEON, P.O. MELORE AND P.O. JOHN DOE #7 (hereafter collectively referred to as "P.O. COYLE and HIS PARTNERS") were not in police uniform and were traveling in an unmarked, with heavily tinted windows, silver Chevrolet Impala car, bearing New York License Plates "EJN2391."

148.   That P.O. COYLE AND HIS PARTNERS were not responding to any dispatched call at the time just prior to encountering Plaintiff NATHANIEL.

149.   That P.O. COYLE and HIS PARTNERS started traveling against the traffic on Marcus Garvey Boulevard.

150.   That the vehicle in which P.O. COYLE and HIS PARTNERS were traveling came to an abrupt stop on the roadway next to Plaintiff NATHANIEL.

151.   That P.O. COYLE and HIS PARTNERS rapidly exited their vehicle.

152.   That P.O. COYLE and HIS PARTNERS forced Plaintiffs NATHANIEL to stop and immediately proceeded to forcibly pat down Plaintiffs NATHANIEL while asking Plaintiff NATHANIEL whether he was in possession of any weapons.

153.   That P.O. COYLE and HIS PARTNERS commanded Plaintiff NATHANIEL and his companion to produce their identification.

154.   That Plaintiff NATHANIEL and Curtis Wright produced their identification documents.

155.   That P.O. COYLE and HIS PARTNERS proceeded to do a computer check to determine whether Plaintiff Nathaniel and Curtis Wright had been issued any warrants.

156.   That P.O. COYLE and HIS PARTNERS after completing the search of Plaintiff

NATHANIEL and confirmed that there were no warrants outstanding, went back to P.O.

COYLE and HIS PARTNERS' vehicle without providing any explanation as to Plaintiff

NATHANIEL'S stop, seizure and search.

157.   No charges or other action was taken against Plaintiff NATHANIEL.

158.   No stop and frisk report was provided to Plaintiff NATHANIEL by Defendants

P.O. COYLE and HIS PARTNERS.

159.   That the above actions by Defendants P.O. COYLE and HIS PARTNERS violated

the rights granted to Plaintiff NATHANIEL pursuant to Fourth and Fourteenth

Amendment to the United States Constitution.  As such, Plaintiff NATHANIEL seeks relief

pursuant to USC 42 § 1983.

160.   That due to the above, Plaintiff NATHANIEL sustained damages.

## AS AND FOR A EIGHTH CAUSE OF ACTION AGAINST THE DEFENDANT CITY OF NEW YORK, DEFENDANT POLICE OFFICER COYLE, DEFENDANT POLICE OFFICER DELEON, DEFENDANT POLICE OFFICER MELORE AND DEFENDANT POLICE JOHN DOE #7  FOR VIOLATION OF STATE CONSTITUTIONAL RIGHTS ON BEHALF OF PLAINTIFF NATHANIEL (FEBRUARY 3, 2015) (TPO #2).

161.   Plaintiff NATHANIEL repeats and reiterates the preceding paragraphs as if fully set

forth.

162.    That the acts of the Defendants P.O. COYLE and HIS PARTNERS violated the rights granted to Plaintiff NATHANIEL pursuant to Article 1 § 12 of the New York State Constitution.  As such, Plaintiff NATHANIEL seeks relief pursuant to *Brown v. State*, 89 NY2d 172 (1996).

163.    That due to the above acts of the Defendants P.O. COYLE and HIS PARTNERS, Plaintiff NATHANIEL sustained damages.

**AS AND FOR A NINTH CAUSE OF ACTION AGAINST THE DEFENDANT CITY OF NEW YORK, DEFENDANT POLICE OFFICER COYLE, DEFENDANT POLICE OFFICER DELEON, DEFENDANT POLICE OFFICER MELORE AND DEFENDANT POLICE JOHN DOE #7 FOR UNLAWFUL SEIZURE/ FALSE IMPRISONMENT ON BEHALF OF PLAINTIFF NATHANIEL (FEBRUARY 3, 2015) (TPO #2).**

164.    On February 3, 2015 at approximately 9:00 PM, in the vicinity of Marcus Garvey Boulevard, between Willoughby Avenue and Vernon Avenue in Brooklyn, New York, Defendants P.O. COYLE and HIS PARTNERS detained and seized Plaintiff NATHANIEL.

165.    Defendants P.O. COYLE AND HIS PARTNERS intended to detain and seize Plaintiff NATHANIEL.

166.    At the time of the detention and seizure of the Plaintiff NATHANIEL on February 3, 2015 there was no warrant of arrest for Plaintiff NATHANIEL.

167. The detention and seizure of Plaintiff NATHANIEL by Defendants P.O. COYLE AND HIS PARTNERS was unlawful.

168. There was no probable cause to detain or seize Plaintiff NATHANIEL.

169. There was no legal justification or excuse for the detention and seizure of Plaintiff NATHANIEL.

170. Each Defendant P.O. COYLE AND HIS PARTNERS knew that there was no probable cause or legal justification to seize or detain Plaintiff NATHANIEL.

171. Plaintiff NATHANIEL was aware and conscious of his seizure, confinement and detention.

172. Plaintiff NATHANIEL did not consent to detention, or seizure of his person by Defendants P.O. COYLE AND HIS PARTNERS.

173. Defendants P.O. COYLE AND HIS PARTNERS committed the above acts under color of state law.

174. As the result of the foregoing, Plaintiff NATHANIEL feared for his personal safety, was deprived of his liberty, subjected to scorn, ridicule, embarrassment, and sustained other consequential damages.

175. Due to the above, Plaintiff NATHANIEL has sustained damages.

**AS AND FOR AN TENTH CAUSE OF ACTION AGAINST THE DEFENDANT CITY OF NEW YORK, DEFENDANT POLICE OFFICER COYLE, DEFENDANT POLICE OFFICER DELEON, DEFENDANT POLICE OFFICER MELORE AND DEFENDANT POLICE JOHN DOE #7 FOR**

## ASSAULT ON BEHALF OF PLAINTIFF NATHANIEL (FEBRUARY 3, 2015)

## (TPO #2).

176.   Plaintiff NATHANIEL repeats the preceding paragraphs as if fully set forth.

177.   That during the detention and seizure of Plaintiff NATHANIEL, the officers caused Plaintiff NATHANIEL to reasonably fear that the Defendants P.O. COYLE AND HIS PARTNERS were about to cause a harmful and offensive body contact with the person of the Plaintiff NATHANIEL.

178.   That the Defendants P.O. COYLE AND HIS PARTNERS intentionally acted to place Plaintiff NATHANIEL in fear of their harmful and offensive conduct.

179.   That the Defendants P.O. COYLE AND HIS PARTNERS did grab Plaintiff NATHANIEL and forcibly searched Plaintiff NATHANIEL and did cause physical contacts with Plaintiff NATHANIEL'S person.

180.   That the acts of the Defendants P.O. COYLE AND HIS PARTNERS were not justified.

181.   That due to the above acts of the Defendants P.O. COYLE AND HIS PARTNERS, Plaintiff NATHANIEL sustained damages.

## AS AND FOR A ELEVENTH CAUSE OF ACTION AGAINST THE

## DEFENDANT CITY OF NEW YORK, DEFENDANT POLICE OFFICER

## COYLE, DEFENDANT POLICE OFFICER DELEON, DEFENDANT POLICE

## OFFICER MELORE AND DEFENDANT POLICE JOHN DOE #7  FOR

## BATTERY ON BEHALF OF PLAINTIFF NATHANIEL (FEBRUARY 3, 2015) (TPO #2).

182.   Plaintiff NATHANIEL repeats the preceding paragraphs as if fully set forth.

183.   That during the detention and seizure of Plaintiff NATHANIEL, Defendants P.O. COYLE AND HIS PARTNERS did cause a harmful and offensive body contact with the person of the Plaintiff NATHANIEL.

184.   That Plaintiff NATHANIEL were forcibly patted down, including his genital areas, during the arrest by Defendants P.O. COYLE AND HIS PARTNERS.

185.   That the Defendants acted intentionally in causing the harmful and offensive physical contacts with Plaintiff NATHANIEL.

186.   That Plaintiff NATHANIEL did not consent to the offensive and harmful contact.

187.   That the acts of Defendants P.O. COYLE AND HIS PARTNERS were not justified.

188.   That due to the above acts of the Defendants P.O. COYLE AND HIS PARTNERS, Plaintiff NATHANIEL sustained damages.

## AS AND FOR TWELFTH CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK ON BEHALF OF PLAINTIFF NATHANIEL (FEBRUARY 3, 2015) (TPO #2).

189.   Plaintiff NATHANIEL repeats the preceding paragraphs as if fully set forth.

190.   That the Defendant CITY OF NEW YORK had a formal policy in place regarding the handling of arrests, stops, searches and frisks by NYPD police officers that was promulgated and adopted.

191.   That at the time of the claims herein there was in existence the unlawful practice of seizing and detaining persons on less than probable cause by subordinate officials that was so permanent and well settled and pervasive in the New York City Police Department so as to constitute a "custom or usage" which practice is so manifest as to imply the acquiescence of this custom and usage by policy making officials of the Defendant CITY OF NEW YORK.

192.   That the failure by Defendant CITY OF NEW YORK to properly train and supervise their police officer employees, including co-Defendants P.O. COYLE AND HIS PARTNERS involved in Plaintiff NATHANIEL's seizure and detention amounts to deliberate indifference to the rights of those with whom the municipality's employees interact.

193.   That co-Defendants P.O. COYLE AND HIS PARTNERS violated the constitutional rights of Plaintiff NATHANIEL as set forth above and due to the policies and practices of the Defendant CITY OF NEW YORK.

194.   Due to the above, Plaintiff NATHANIEL has sustained damages.

**AS AND FOR A THIRTEENTH CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK AND DEFENDANTS POLICE OFFICERS #8 THROUGH #11 FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS (§1983) ON BEHALF OF PLAINTIFF NATHANIEL (FEBRUARY 26, 2015) (TPO #3).**

195.   On February 26, 2015 at approximately 9:00 PM, Plaintiff NATHANIEL, Curtis

Wrights, Derek Williams and Jason Zarzuela were seated in Plaintiff Nathaniel's lawfully

parked car in the vicinity of Vernon Avenue, between Marcus Garvey Boulevard and Lewis

Avenue in Brooklyn, New York, in the vicinity of Plaintiff NATHANIEL'S apartment

building.

196.   At that time it was raining.

197.   At that time, Plaintiff Nathaniel and the passengers of his vehicle were waiting for a

Chinese food delivery.

198.   At that date, time, and location Plaintiff NATHANIEL and his companions were not

engaged in any unlawful or criminal acts.

199.   That on February 26, 2015 at approximately 9:00 PM, Defendants POLICE

OFFICER JOHN DOE #8, POLICE OFFICER JOHN DOE #9, POLICE OFFICER

JOHN DOE # 10 and POLICE OFFICER JOHN DOE #11 (hereafter collectively

referred to as "P.O. JOHN DOE #8 and HIS PARTNERS") were not wearing police

uniforms and were traveling in an unmarked, black Chevrolet Impala bearing New York

State License Plate # DCU7185 and another vehicle, silver Chevrolet Impala.

200.   That Defendants P.O. JOHN DOE #8 and HIS PARTNERS were not responding

to any dispatched call at the time that they began observing the vehicle in which Plaintiff

NATHANIEL was parked.

201.   That Defendants P.O JOHN DOE #8 AND P.O. JOHN DOE #9'S vehicle

approached Plaintiff NATHANIEL'S parked vehicle.

202.   That Defendant P.O. JOHN DOE #8 and P.O. JOHN DOE #9 commanded Plaintiff NATHANIEL to produce identification.

203.   That Plaintiff NATHANIEL complied with the order to produce identification.

204.   That Defendants P.O. JOHN DOE #8 and P.O. JOHN DOE #9 asked Plaintiff NATHANIEL and the rest of the occupants of Plaintiff NATHANIEL'S vehicle whether they had any guns, drugs or "anything they are not supposed to have," to which Plaintiffs NATHANIEL and the vehicle occupants responded in the negative, and told Defendants P.O. JOHN DOE #8 and P.O. JOHN DOE #9 that they are waiting for the Chinese food delivery to take the food to Plaintiff NATHANIEL'S apartment.

205.   That at that time, P.O. JOHN DOE #10 and P.O. JOHN DOE #11 arrived in a second unmarked silver Chevrolet Impala and parked behind Plaintiff NATHANIEL'S vehicle.

206.   That Defendants P.O. JOHN DOE #8 and HIS PARTNERS ordered Plaintiffs NATHANIEL and the vehicle occupants to exit their vehicle.

207.   That after Plaintiff NATHANIEL stepped out of his vehicle, Defendants P.O. JOHN DOE #8 and HIS PARTNERS forcibly patted down Plaintiff NATHANIEL as Plaintiff NATHANIEL was forced against Plaintiff NATHANIEL'S vehicle.

208.   That during the search of Plaintiff NATHANIEL, Defendant P.O. JOHN DOE #8 questioned Plaintiff NATHANIEL about whether Plaintiff NATHANIEL was in possession of any drugs, weapons or guns.

209.   That after Plaintiff NATHANIEL replied in the negative, Defendant P.O. JOHN DOE #8 continued the search of Plaintiff NATHANIEL'S person in an aggressive manner.

210.    That Plaintiff NATHANIEL informed Defendant P.O. JOHN DOE #8 that he had a recent surgical wound on Plaintiff NATHANIEL'S back.

211.    That after conclusion of the search of Plaintiff NATHANIEL, Plaintiff NATHANIEL's vehicle was searched, including the glove compartment and the trunk by P.O. JOHN DOE #8.

212.    That upon the conclusion of the search performed by P.O. JOHN DOE #8, the inside of Plaintiff NATHANIEL'S vehicle, including the glove compartment and the trunk was left in disarray.

213.    That Plaintiff NATHANIEL and the occupants of Plaintiff NATHANIEL'S vehicle were ordered to stand in the rain for approximately twenty (20) minutes.

214.    That Defendants P.O. JOHN DOE #8 and HIS PARTNERS then left the scene without further communication with Plaintiff NATHANIEL.

215.    That the above actions by Defendants P.O. JOHN DOE #8 and HIS PARTNERS violated the rights granted to Plaintiff NATHANIEL pursuant to Fourth and Fourteenth Amendment to the United States Constitution.  As such, Plaintiff NATHANIEL seeks relief pursuant to USC 42 § 1983.

216.    That due to the above, Plaintiff NATHANIEL sustained damages.

**AS AND FOR A FOURTEENTH CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK AND DEFENDANTS POLICE OFFICERS #8 THROUGH #11  FOR VIOLATION OF STATE CONSTITUTIONAL RIGHTS ON BEHALF OF PLAINTIFF NATHANIEL (FEBRUARY 26, 2015) (TPO #3).**

217.    Plaintiff NATHANIEL repeats and reiterates the preceding paragraphs as if fully set forth.

218.    That the acts of the Defendants P.O. JOHN DOE #8 and HIS PARTNERS violated the rights granted to Plaintiff NATHANIEL pursuant to Article 1 § 12 of the New York State Constitution.  As such, Plaintiff NATHANIEL seeks relief pursuant to *Brown v. State*, 89 NY2d 172 (1996).

219.    That due to the above acts of the Defendants P.O. JOHN DOE #8 and HIS PARTNERS, Plaintiff NATHANIEL sustained damages.

**AS AND FOR A FIFTEENTH CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK AND DEFENDANTS POLICE OFFICERS #8 THROUGH #11 FOR UNLAWFUL SEIZURE/AND FALSE IMPRISONMENT ON BEHALF OF PLAINTIFF NATHANIEL (FEBRUARY 26, 2015) (TPO #3).**

220.    On February 26, 2015 at approximately 9:00 PM in the vicinity of Vernon Avenue between Marcus Garvey Boulevard and Lewis Avenue in Brooklyn, New York, Defendants P.O. JOHN DOE #8 and HIS PARTNERS detained and seized Plaintiff NATHANIEL.

221.    Defendants P.O. JOHN DOE #8 and HIS PARTNERS intended to detain and seize Plaintiff NATHANIEL.

222.    At the time of detention and seizure of the Plaintiff NATHANIEL on February 26, 2015 there were no arrest warrants outstanding for Plaintiff NATHANIEL.

223.    The stop, detention and seizure of Plaintiff NATHANIEL by Defendants P.O. JOHN DOE #8 and HIS PARTNERS were unlawful.

224.   There was no probable cause to stop, detain or seize Plaintiff NATHANIEL.

225.   There was no legal justification or excuse for the stop, detention and seizure of

Plaintiff NATHANIEL.

226.   Each Defendant P.O. JOHN DOE #8 and HIS PARTNERS knew that there was no

probable cause to stop, detain and seize Plaintiff NATHANIEL.

227.   Plaintiff NATHANIEL was aware and conscious of his seizure, confinement and

detention.

228.   Plaintiff NATHANIEL did not consent to the detention or seizure of his person by

Defendants P.O. JOHN DOE #8 and HIS PARTNERS.

229.   Defendants P.O. JOHN DOE #8 and HIS PARTNERS committed the above acts

under color of state law.

230.   As the result of the foregoing, Plaintiff NATHANIEL feared for his personal safety,

was deprived of their liberty, subjected to scorn, ridicule, embarrassment, and sustained

other consequential damages.

231.   Due to the above, Plaintiff NATHANIEL has sustained damages.

## AS AND FOR AN SIXTEENTH CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK AND DEFENDANTS POLICE OFFICERS #8 THROUGH #11 FOR ASSAULT ON BEHALF OF PLAINTIFF NATHANIEL (FEBRUARY 26, 2015) (TPO #3).

232.   Plaintiff NATHANIEL repeats the preceding paragraphs as if fully set forth.

233.   That during the detention and seizure of Plaintiff NATHANIEL, the officers caused Plaintiff NATHANIEL to reasonably fear that the Defendants P.O. JOHN DOE #8 and HIS PARTNERS were about to cause a harmful and offensive body contact with the person of the Plaintiff NATHANIEL.

234.   That the Defendants P.O. JOHN DOE #8 and HIS PARTNERS intentionally acted to place Plaintiff NATHANIEL in fear of their harmful and offensive conduct.

235.   That the Defendants P.O. JOHN DOE #8 and HIS PARTNERS did grab Plaintiff NATHANIEL and forcibly searched Plaintiff NATHANIEL and did cause physical contact with Plaintiff NATHANIEL's person.

236.   That the acts of the Defendants P.O. JOHN DOE #8 and HIS PARTNERS were not justified.

237.   That due to the above acts of the Defendants P.O. JOHN DOE #8 and HIS PARTNERS, Plaintiff NATHANIEL sustained damages.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK AND DEFENDANTS POLICE OFFICERS #8 THROUGH #11 FOR BATTERY ON BEHALF OF PLAINTIFF NATHANIEL (FEBRUARY 26, 2015) (TPO #3).

238.   Plaintiff NATHANIEL repeats the preceding paragraphs as if fully set forth.

239.   That during the detention and seizure of Plaintiff NATHANIEL, Defendants P.O. JOHN DOE #8 and HIS PARTNERS did cause a harmful and offensive body contact with the person of the Plaintiff NATHANIEL.

240.   That Plaintiff NATHANIEL was forcibly patted down, including Nathaniel's genital area, during the arrest by Defendants P.O. JOHN DOE #8 and HIS PARTNERS.

241.   That the Defendants acted intentionally in causing the harmful and offensive physical contact with Plaintiff NATHANIEL.

242.   That Plaintiff NATHANIEL did not consent to the offensive and harmful contacts.

243.   That the acts of Defendants P.O. JOHN DOE #8 and HIS PARTNERS were not justified.

244.   That due to the above acts of the Defendants P.O. JOHN DOE #8 and HIS PARTNERS, Plaintiff NATHANIEL sustained damages.

## AS AND FOR EIGHTEENTH CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK ON BEHALF OF PLAINTIFF NATHANIEL (FEBRUARY 26, 2015) (TPO #3).

245.   Plaintiff repeats the preceding paragraphs as if fully set forth.

246.   That the Defendant City of New York had a formal policy in place regarding the handling of arrests, stops and frisks by NYPD police officers that was promulgated and adopted.

247.   That at the time of the claims herein there was in existence the unlawful practice of stopping persons on less than probable cause by subordinate officials that was so permanent and well settled and pervasive in the New York City Police Department so as to constitute a "custom or usage" which practice is so manifest as to imply the acquiescence of this custom and usage by policy making officials of the Defendant City of New York.

248.    That the failure by Defendant City of New York to properly train and supervise their police officer employees, including co-Defendants P.O. JOHN DOE #8 and HIS PARTNERS involved in Plaintiff NATHANIEL'S detention and seizure amounts to deliberate indifference to the rights of those with whom the municipality's employees interact.

249.    That co-Defendants P.O. JOHN DOE #8 and HIS PARTNERS violated the constitutional rights of Plaintiff NATHANIEL as set forth above and due to the policies and practices of the Defendant City of New York.

250.    Due to the above, Plaintiff NATHANIEL has sustained damages.

## ARTICLE 16 IS INAPPLICABLE TO INSTANT ACTION

251.  The provisions of Article 16 to the CPLR of the State of New York do not apply to the instant action.

252.  The Defendants acted with intent.

253.  The Defendants acted knowingly or intentionally, jointly or in concert, and in a conspiracy to "cover-up" the unlawful acts of the co-Defendants and to otherwise deprive Plaintiffs of due process of law, to cause the acts or failures upon which liability is based.


 **WHEREFORE**, Plaintiffs demand judgment against the Defendants as follows:

As to the First Cause of Action:

      a.   Compensatory damages;

b.  Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

c.  Attorneys' fees and costs of this action;

d.  Such other relief as is fair, just, or equitable.

As for the Second Cause of Action:

a.  Compensatory damages;

b.  Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

c.  Attorneys' fees and costs of this action;

d.  Such other relief as is fair, just, or equitable.

As to the Third Cause of Action:

a.  Compensatory damages;

b.  Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

c.  Attorneys' fees and costs of this action;

d.  Such other relief as is fair, just, or equitable.

As to the Fourth Cause of Action:

a.  Compensatory damages;

b.  Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

    c.   Attorneys' fees and costs of this action;

    d.   Such other relief as is fair, just, or equitable.

As to the Fifth Cause of Action:

    a.   Compensatory damages;

    b.   Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

    c.   Attorneys' fees and costs of this action;

    d.   Such other relief as is fair, just, or equitable.

As to the Sixth Cause of Action:

    a.   Compensatory damages;

    b.   Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

    c.   Attorneys' fees and costs of this action;

    d.   Such other relief as is fair, just, or equitable.

As to the Seventh Cause of Action:

    a.   Compensatory damages;

    b.   Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

    c.   Attorneys' fees and costs of this action;

    d.   Such other relief as is fair, just, or equitable.

As to the Eighth Cause of Action:

        a.  Compensatory damages;

        b.  Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

        c.  Attorneys' fees and costs of this action;

        d.  Such other relief as is fair, just, or equitable.

As to the Ninth Cause of Action:

        a.  Compensatory damages;

        b.  Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

        c.  Attorneys' fees and costs of this action;

        d.  Such other relief as is fair, just, or equitable.

As to the Tenth Cause of Action:

        a.  Compensatory damages;

        b.  Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

        c.  Attorneys' fees and costs of this action;

        d.  Such other relief as is fair, just, or equitable.

As to the Eleventh Cause of Action:

        a.  Compensatory damages;

  b. Punitive damages, against the individual Defendants, in the amount

   that is just, reasonable and fair;

  c. Attorneys' fees and costs of this action;

  d. Such other relief as is fair, just, or equitable.

As to the Twelfth Cause of Action:

  a. Compensatory damages;

  b. Punitive damages, against the individual Defendants, in the amount

   that is just, reasonable and fair;

  c. Attorneys' fees and costs of this action;

  d. Such other relief as is fair, just, or equitable.

As to the Thirteenth Cause of Action:

  a. Compensatory damages;

  b. Punitive damages, against the individual Defendants, in the amount

   that is just, reasonable and fair;

  c. Attorneys' fees and costs of this action;

  d. Such other relief as is fair, just, or equitable.

As to the Fourteenth Cause of Action:

  a. Compensatory damages;

  b. Punitive damages, against the individual Defendants, in the amount

   that is just, reasonable and fair;

    c.   Attorneys' fees and costs of this action;

    d.   Such other relief as is fair, just, or equitable.

As to the Fifteenth Cause of Action:

    a.   Compensatory damages;

    b.   Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

    c.   Attorneys' fees and costs of this action;

    d.   Such other relief as is fair, just, or equitable.

As to the Sixteenth Cause of Action:

    a.   Compensatory damages;

    b.   Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

    c.   Attorneys' fees and costs of this action;

    d.   Such other relief as is fair, just, or equitable.

As to the Seventeenth Cause of Action:

    a.   Compensatory damages;

    b.   Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

    c.   Attorneys' fees and costs of this action;

    d.   Such other relief as is fair, just, or equitable.

As to the Eighteenth Cause of Action:

      a.   Compensatory damages;

      b.   Punitive damages, against the individual Defendants, in the amount

           that is just, reasonable and fair;

      c.   Attorneys' fees and costs of this action;

      d.   Such other relief as is fair, just, or equitable.

Dated:  New York, New York
        June 15, 2016

          By: _____
               John Tumelty, Esq. (JT2840)
          Tumelty & Spier, LLP
          Attorneys for Plaintiffs
          160 Broadway, Suite 708
          New York, New York 10038
          Phone (212) 566-4681
          Fax (212) 566-4749
          E-mail:  johntslaw@aol.com