UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------- x

BRANDON NATHANIEL and HASSAN SHEFTALL,

                                   Plaintiffs,

                -against-

THE CITY OF NEW YORK, POLICE OFFICER JOHN DOE #1, Individually, POLICE OFFICER JOHN DOE #1, Individually, POLICE OFFICER JOHN DOE #2, Individually, POLICE OFFICER JOHN DOE #3, Individually, POLICE OFFICER JOHN COYLE, Individually, POLICE OFFICER KEVIN DELEON, Individually, POLICE OFFICER SALVATORE MELORE, Individually, POLICE OFFICER JOHN DOE #7, Individually, POLICE OFFICER JOHN DOE #8, Individually, POLICE OFFICER JOHN DOE #9, Individually, POLICE OFFICER JOHN DOE #10, Individually, POLICE OFFICER JOHN DOE #11, Individually, and other currently unidentified Police officers believed to be assigned to the 79th Precinct,

                                  Defendants.

--------------------------------------------------------------------- x

**ANSWER TO AMENDED COMPLAINT ON BEHALF OF DEFENDANT THE CITY OF NEW YORK**

16-CV-256 (RRM)(RER)

JURY TRIAL DEMANDED

            Defendant City of New York, by its attorney Zachary W. Carter, Corporation Counsel of the City of New York, for its answer to the amended complaint, respectfully alleges, upon information and belief, as follows.

            1.   Denies the allegations set forth in paragraph "1" of the amended complaint, except admits that plaintiff brings this action as stated therein.

            2.   Denies the allegations set forth in paragraph "2" of the amended complaint, except admits that plaintiffs purport to bring this action and invoke the jurisdiction of the Court as stated therein.

3.   Denies the allegations set forth in paragraph "3" of the amended complaint, except admits that plaintiffs purport to base venue as stated therein.

4.   Admits only that documents purporting to be Notices of Claim were received by the New York City Comptroller's Office on or about January 28, 2015 and April 23, 2015.

5.   Admits only that plaintiff Nathaniel appeared and was questioned at a Gen. Mun. L. § 50-H hearing. Denies knowledge or information sufficient to form a belief as to whether plaintiff Sheftall appeared for a hearing.

6.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the amended complaint.

7.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the amended complaint.

8.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the amended complaint.

9.   Admits only that the City of New York is a municipal corporation organized and existing under the laws of the State of New York.

10. Admits only that the City of New York maintains a police department, and respectfully refers the Court to the New York City Charter and Administrative Code for a full and accurate recitation of the relationship between the City and the NYPD, and the City's responsibilities attendant thereto.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the amended complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the amended complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the amended complaint.

14. Denies the allegations set forth in paragraph "14" of the Amended complaint, and further states that the license plate number "SXY2319" is not registered to any vehicle owned by the NYPD.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the amended complaint.

16. Admits only that plaintiff purports to proceed as stated therein.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the amended complaint, and further states that the allegation concerning "acting under color of law" is a conclusion of law, rather than an averment of fact, to which no response is required.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the amended complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the amended complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the amended complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the amended complaint.

22. Denies the allegations set forth in paragraph "22" of the Amended complaint, and further states that the license plate number "SXY2319" is not and never has been registered to any vehicle owned by the NYPD.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the amended complaint.

24. Admits only that plaintiff purports to proceed as stated therein.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the amended complaint, and further states that the allegation concerning "acting under color of law" is a conclusion of law, rather than an averment of fact, to which no response is required.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the amended complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the amended complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the amended complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the amended complaint.

30. Denies the allegations set forth in paragraph "30" of the Amended complaint, and further states that the license plate number "SXY2319" is not registered to any vehicle owned by the NYPD.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the amended complaint.

32. Admits only that plaintiff purports to proceed as stated therein.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the amended complaint, and further states that the

allegation concerning "acting under color of law" is a conclusion of law, rather than an averment of fact, to which no response is required.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the amended complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the amended complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the amended complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Amended complaint, and further states that the license plate number "EJN2391" is registered to an NYPD vehicle and assigned to Patrol Borough Brooklyn North.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the amended complaint.

39. Admits only that plaintiff purports to proceed as stated therein.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the amended complaint, and further states that the allegation concerning "acting under color of law" is a conclusion of law, rather than an averment of fact, to which no response is required.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the amended complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the amended complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the amended complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the amended complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Amended complaint, and further states that the license plate number "EJN2391" is registered to an NYPD vehicle and assigned to Patrol Borough Brooklyn North.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the amended complaint.

47. Admits only that plaintiff purports to proceed as stated therein.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the amended complaint, and further states that the allegation concerning "acting under color of law" is a conclusion of law, rather than an averment of fact, to which no response is required.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the amended complaint.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the amended complaint.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the amended complaint.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the amended complaint.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the Amended complaint, and further states that the license plate number "EJN2391" is registered to an NYPD vehicle and assigned to Patrol Borough Brooklyn North.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the amended complaint.

55. Admits only that plaintiff purports to proceed as stated therein.

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the amended complaint, and further states that the allegation concerning "acting under color of law" is a conclusion of law, rather than an averment of fact, to which no response is required.

57. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the amended complaint.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the amended complaint.

59. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the amended complaint.

60. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the amended complaint.

61. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the Amended complaint, and further states that the license plate number "EJN2391" is registered to an NYPD vehicle and assigned to Patrol Borough Brooklyn North.

62. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the amended complaint.

63. Admits only that plaintiff purports to proceed as stated therein.

64. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the amended complaint, and further states that the allegation concerning "acting under color of law" is a conclusion of law, rather than an averment of fact, to which no response is required.

65. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the amended complaint.

66. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the amended complaint.

67. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the amended complaint.

68. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the Amended complaint, and further states that the license plate number "DCU7185" is not and never has been registered to any vehicle owned by the NYPD.

69. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the amended complaint.

70. Admits only that plaintiff purports to proceed as stated therein.

71. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "71" of the amended complaint, and further states that the

allegation concerning "acting under color of law" is a conclusion of law, rather than an averment of fact, to which no response is required.

72. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the amended complaint.

73. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73" of the amended complaint.

74. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of the amended complaint.

75. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "75" of the amended complaint.

76. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "76" of the Amended complaint, and further states that the license plate number "DCU7185" is not and never has been registered to any vehicle owned by the NYPD.

77. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "77" of the amended complaint.

78. Admits only that plaintiff purports to proceed as stated therein.

79. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "79" of the amended complaint, and further states that the allegation concerning "acting under color of law" is a conclusion of law, rather than an averment of fact, to which no response is required.

80. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "80" of the amended complaint.

81. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "81" of the amended complaint.

82. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "82" of the amended complaint.

83. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "83" of the amended complaint.

84. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "84" of the Amended complaint.

85. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "85" of the amended complaint.

86. Admits only that plaintiff purports to proceed as stated therein.

87. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "87" of the amended complaint, and further states that the allegation concerning "acting under color of law" is a conclusion of law, rather than an averment of fact, to which no response is required.

88. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "88" of the amended complaint.

89. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "89" of the amended complaint.

90. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "90" of the amended complaint.

91. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "91" of the amended complaint.

92. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "92" of the Amended complaint.

93. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "93" of the amended complaint.

94. Admits only that plaintiff purports to proceed as stated therein.

95. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "95" of the amended complaint, and further states that the allegation concerning "acting under color of law" is a conclusion of law, rather than an averment of fact, to which no response is required.

96. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "96" of the amended complaint.

97. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "97" of the amended complaint.

98. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "98" of the amended complaint.

99. Denies the allegations set forth in paragraph "99" of the Amended complaint, and further states that the license plate number "SXY2319" is not and never has been registered to any vehicle owned by the NYPD.

100. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "100" of the amended complaint.

101. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "101" of the amended complaint.

102.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "102" of the amended complaint.

103.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "103" of the amended complaint.

104.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "104" of the amended complaint.

105.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "105" of the amended complaint.

106.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "106" of the amended complaint.

107.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "107" of the amended complaint.

108.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "108" of the amended complaint.

109.     Denies the allegations set forth in paragraph "109" of the amended complaint as they relate to defendant City of New York.

110.     In response to the allegations set forth in paragraph "110" of the amended complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs as if fully set forth herein.

111.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "111" of the amended complaint.

112.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "112" of the amended complaint.

113.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "113" of the amended complaint.

114.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "114" of the amended complaint.

115.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "115" of the amended complaint.

116.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "116" of the amended complaint.

117.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "117" of the amended complaint.

118.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "118" of the amended complaint.

119.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "119" of the amended complaint.

120.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "120" of the amended complaint.

121.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "121" of the amended complaint.

122.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "122" of the amended complaint, and further states that the allegation concerning "under color of state law" is a conclusion of law, rather than an averment of fact, to which no response is required.

123.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "123" of the amended complaint.

124.    Denies the allegations set forth in paragraph "124" of the amended complaint as they relate to defendant City of New York.

125.    In response to the allegations set forth in paragraph "125" of the amended complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs as if fully set forth herein.

126.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "126" of the amended complaint.

127.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "127" of the amended complaint.

128.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "128" of the amended complaint.

129.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "129" of the amended complaint.

130.    Denies the allegations set forth in paragraph "130" of the amended complaint as they relate to defendant City of New York.

131.    Denies the allegations set forth in paragraph "131" of the amended complaint as they relate to defendant City of New York.

132.    In response to the allegations set forth in paragraph "132" of the amended complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs as if fully set forth herein.

133.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "133" of the amended complaint.

134.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "134" of the amended complaint.

135.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "135" of the amended complaint.

136.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "136" of the amended complaint.

137.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "137" of the amended complaint.

138.    Denies the allegations set forth in paragraph "138" of the amended complaint as they relate to defendant City of New York.

139.    In response to the allegations set forth in paragraph "139" of the amended complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs as if fully set forth herein.

140.    Denies the allegations set forth in paragraph "140" of the amended complaint.

141.    Denies the allegations set forth in paragraph "141" of the amended complaint.

142.    Denies the allegations set forth in paragraph "142" of the amended complaint.

143.    Denies the allegations set forth in paragraph "143" of the amended complaint.

144.     Denies the allegations set forth in paragraph "144" of the amended complaint.

145.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "145" of the amended complaint.

146.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "146" of the amended complaint.

147.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "147" of the amended complaint.

148.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "148" of the amended complaint.

149.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "149" of the amended complaint.

150.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "150" of the amended complaint.

151.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "151" of the amended complaint.

152.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "152" of the amended complaint.

153.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "153" of the amended complaint.

154.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "154" of the amended complaint.

155.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "155" of the amended complaint.

156.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "156" of the amended complaint.

157.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "157" of the amended complaint.

158.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "158" of the amended complaint.

159.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "159" of the amended complaint.

160.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "160" of the amended complaint.

161.     In response to the allegations set forth in paragraph "161" of the amended complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs as if fully set forth herein.

162.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "162" of the amended complaint.

163.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "163" of the amended complaint.

164.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "164" of the amended complaint.

165.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "165" of the amended complaint.

166.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "166" of the amended complaint.

167.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "167" of the amended complaint.

168.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "168" of the amended complaint.

169.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "169" of the amended complaint.

170.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "170" of the amended complaint.

171.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "171" of the amended complaint.

172.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "172" of the amended complaint.

173.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "173" of the amended complaint, and further states that the allegation concerning "under color of state law" is a conclusion of law, rather than an averment of fact, to which no response is required.

174.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "174" of the amended complaint.

175.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "175" of the amended complaint.

176.     In response to the allegations set forth in paragraph "176" of the amended complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs as if fully set forth herein.

177.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "177" of the amended complaint.

178.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "178" of the amended complaint.

179.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "179" of the amended complaint.

180.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "180" of the amended complaint.

181.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "181" of the amended complaint.

182.     In response to the allegations set forth in paragraph "182" of the amended complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs as if fully set forth herein.

183.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "183" of the amended complaint.

184.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "184" of the amended complaint.

185.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "185" of the amended complaint.

186.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "186" of the amended complaint.

187.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "187" of the amended complaint.

188.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "188" of the amended complaint.

189.     In response to the allegations set forth in paragraph "189" of the amended complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs as if fully set forth herein.

190.     Denies the allegations set forth in paragraph "190" of the amended complaint.

191.     Denies the allegations set forth in paragraph "191" of the amended complaint.

192.     Denies the allegations set forth in paragraph "192" of the amended complaint.

193.     Denies the allegations set forth in paragraph "193" of the amended complaint.

194.     Denies the allegations set forth in paragraph "194" of the amended complaint.

195.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "195" of the amended complaint.

196.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "196" of the amended complaint.

197.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "197" of the amended complaint.

198.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "198" of the amended complaint.

199.    Denies the allegations set forth in paragraph "199" of the amended complaint, and further states that the license plate number "DCU7185" is not and never has been registered to any vehicle owned by the NYPD.

200.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "200" of the amended complaint.

201.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "201" of the amended complaint.

202.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "202" of the amended complaint.

203.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "203" of the amended complaint.

204.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "204" of the amended complaint.

205.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "205" of the amended complaint.

206.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "206" of the amended complaint.

207.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "207" of the amended complaint.

208.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "208" of the amended complaint.

209.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "209" of the amended complaint.

210.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "210" of the amended complaint.

211.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "211" of the amended complaint.

212.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "212" of the amended complaint.

213.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "213" of the amended complaint.

214.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "214" of the amended complaint.

215.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "215" of the amended complaint.

216.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "216" of the amended complaint.

217.    In response to the allegations set forth in paragraph "217" of the amended complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs as if fully set forth herein.

218.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "218" of the amended complaint.

219.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "219" of the amended complaint.

220.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "220" of the amended complaint.

221.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "221" of the amended complaint.

222.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "222" of the amended complaint.

223.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "223" of the amended complaint.

224.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "224" of the amended complaint.

225.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "225" of the amended complaint.

226.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "226" of the amended complaint.

227.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "227" of the amended complaint.

228.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "228" of the amended complaint.

229.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "229" of the amended complaint, and further states that

the allegations concerning "under color of law" are conclusions of law, rather than averments of fact, to which no response is required.

230.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "230" of the amended complaint.

231.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "231" of the amended complaint.

232.   In response to the allegations set forth in paragraph "232" of the amended complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs as if fully set forth herein.

233.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "233" of the amended complaint.

234.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "234" of the amended complaint.

235.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "235" of the amended complaint.

236.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "236" of the amended complaint.

237.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "237" of the amended complaint.

238.   In response to the allegations set forth in paragraph "238" of the amended complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs as if fully set forth herein.

239.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "239" of the amended complaint.

240.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "240" of the amended complaint.

241.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "241" of the amended complaint.

242.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "242" of the amended complaint.

243.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "243" of the amended complaint.

244.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "244" of the amended complaint.

245.    In response to the allegations set forth in paragraph "245" of the amended complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs as if fully set forth herein.

246.    Denies the allegations set forth in paragraph "246" of the amended complaint.

247.    Denies the allegations set forth in paragraph "247" of the amended complaint.

248.    Denies the allegations set forth in paragraph "248" of the amended complaint.

249.    Denies the allegations set forth in paragraph "249" of the amended complaint.

250.     Denies the allegations set forth in paragraph "250" of the amended complaint.

251.     Paragraph "251" of the amended complaint sets forth only conclusions of law, not averments of fact, to which no response is required.

252.     Denies the allegations set forth in paragraph "252" of the amended complaint to the extent they apply to defendant City of New York.

253.     Denies the allegations set forth in paragraph "253" of the amended complaint to the extent they apply to defendant City of New York.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

254.     The amended complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

255.     Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

256.     At all times relevant to the acts alleged in the amended complaint, the duties and functions of the municipal defendant City's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City has governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

257.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of defendants.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

258.    There was probable cause for plaintiff's arrest, detention, and prosecution if any.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

259.    Plaintiff provoked any incident.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

260.    Punitive damages cannot be awarded against the City of New York.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

261.    This action may be barred in whole or in part by the applicable limitations period.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

262.    Plaintiff's claim may be barred in whole or in part because plaintiff has failed to comply with all conditions precedent to suit.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

263.    The amended complaint fails to state a claim pursuant to Monell v. Dep't of Soc. Servs., 426 U.S. 658 (1978).

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

264.    To the extent any force was used, such force was reasonable, necessary, and justified.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

264.    Plaintiffs' claims are barred, in whole or in part, pursuant to a Release entered into by the plaintiffs wherein plaintiffs expressly released the City of New York, any

present or former employees and agents of the City of New York, its successors or assigns; and

all past and present officials, employees, representatives, and agents of the City of New York or

any entity represented by the Office of the Corporation Counsel from any and all liability,

claims, or rights of action alleging a violation of plaintiffs' civil rights and any and all related

state law claims, from the beginning of the world to the date of that Release, including claims for

costs, expenses, and attorneys' fees.

**WHEREFORE,** defendant City of New York requests judgment dismissing the amended

complaint in its entirety, together with the costs and disbursements of this action, and such other

and further relief as the Court may deem just and proper.

Dated:      New York, New York
            June 16, 2016


                          ZACHARY W. CARTER
                          Corporation Counsel of the City of New York
                          Attorney for Defendants City of New York
                          100 Church Street
                          New York, New York 10007
                          (212) 356-2377


                          By: _____/s/_____
                              Daniel Passeser
                              Assistant Corporation Counsel
                              Special Federal Litigation Division


BY ECF
John Tumelty, Esq.
Attorney for Plaintiff
Tumelty & Spier, LLP
160 Broadway, Suite 708
New York, NY 10038
(212) 566-4681
Fax (212) 566-4749