UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
BRANDON NATHANIEL; and HASSAN
SHEFTALL,

                              Plaintiffs,                   **MEMORANDUM AND ORDER**
                                                                         16-CV-256 (RRM) (RER)
    -against-

CITY OF NEW YORK; SERGEANT JOHN COLYE;
POLICE OFFICER KEVIN DELEON; POLICE
OFFICER SALVATORE MELORE; and POLICE
OFFICER JOHN DOE #1–11,

                              Defendants.
----------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiffs Brandon Nathaniel and Hassan Sheftall commenced this action against the City of New York (the "City") and several New York City Police Department ("NYPD") police officers (collectively, the "defendants"), alleging civil rights violations pursuant to 42 U.S.C. § 1983 and related state law. (*See generally* Am. Compl. (Doc. No. 15).)[1] Before the Court is defendants' motion for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure ("Rule") 12(c), based on the affirmative defense of release of claims. (*See* Mot. Dismiss (Doc. No. 28).) For the reasons that follow, defendants' motion is granted, and the case is dismissed.

## BACKGROUND

      Prior to filing this lawsuit, plaintiffs filed a lawsuit against the City and multiple NYPD police officers, alleging violations of their civil rights pursuant to 42 U.S.C. § 1983. *See Nathaniel v. City of New York*, No. 14-CV-3471 (BMC) ("*Nathaniel I*"). Plaintiffs later settled the action, and as part of the settlement agreement, on May 14, 2015, each plaintiff signed a

---

[1] Plaintiffs filed their original complaint on January 18, 2016, (Compl. (Doc. No 1)) and subsequently filed an amended complaint with the Court's leave. (*See* 6/15/17 Order; Am. Compl.)

general release that released the City and its employees from "any and all liability, claims, or rights of action alleging a violation of [plaintiffs'] civil rights and any and all related state law claims, from the beginning of the world to the date of this General Release, including claims for costs, expenses, and attorney's fees." (*See* Nathaniel Release (Doc. No. 29-1) at ¶ 1; Sheftall Release (Doc. No. 29-2) at ¶ 1, (collectively, the "Releases").)[2] The language of the Releases was also included in the Stipulation of Settlement. (*See* Stipulation of Settlement (Doc. No. 36-5) at 5.)[3]

In the case at hand ("*Nathaniel II*"), plaintiffs allege that they were unlawfully stopped by NYPD police officers on November 14, 2014, February 3, 2015, and February 26, 2015. (*See generally* Am. Compl.) Plaintiffs contend that the General Release in *Nathaniel I* – which bars claims "from the beginning of the world" to May 14, 2015 – does not bar the current claims.

## STANDARD OF REVIEW

Pursuant to Rule 12(c), "[a]fter the pleadings are closed . . . a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate only where all material facts are undisputed and, "a judgment on the merits is possible merely by considering the contents of the pleadings." *Mennella v. Office of Court Admin.,* 938 F. Supp. 128, 131 (E.D.N.Y. 1996), *aff'd,* 164 F.3d 618 (2d Cir. 1998) (citing *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988)). In all other respects, a motion brought pursuant to Federal Rule of Civil Procedure 12(c) is analyzed under the same standard applicable to a motion under Rule 12(b)(6). *See Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d

---

[2] In resolving motions to dismiss, courts may consider documents attached to, integral to, or referred to in the complaint, as well as documents filed in other courts and other public records. *See Glob. Network Commc'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 157 (2d Cir. 2006). Accordingly, this Court has considered the General Releases and Settlement Agreement as referenced in plaintiffs' amended complaint and attached in the defendants' brief and plaintiffs' brief, respectively.

[3] For ease of reference, citations to Court documents utilize the Electronic Case Filing System ("ECF") pagination.

123, 126 (2d Cir. 2001); *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999). Thus, the Court's review is limited to the facts alleged or incorporated by reference in the complaint, documents attached to the complaint, and matters of which the Court may take judicial notice. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); *Diamond v. Local 807 Labor-Mgmt. Pension Fund,* No. 12-CV-5559 (RRM) (VVP), 2014 WL 527898, at *1 n.1 (E.D.N.Y. Feb. 7, 2014).

The Court assumes the truth of the facts alleged and draws all reasonable inferences in the nonmovant's favor. *See Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). To withstand a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). Although the complaint need not contain "'detailed factual allegations,'" simple "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

## DISCUSSION

A settlement agreement and release are contracts, and are thus construed according to general principles of contract law. *Collins v. Harrison-Bode*, 303 F.3d 429, 433 (2d Cir. 2002). Under New York law, which the parties agree is controlling here, when a party disputes the meaning of particular contract clauses, the initial question for the court is whether the contract is unambiguous. *Law Debenture Trust Co. v. Maverick Tube Corp.*, 595 F.3d 458, 465 (2d Cir. 2010). "Ambiguity is determined by looking within the four corners of the document, not to outside sources . . . ." *Kass v. Kass,* 91 N.Y.2d 554, 566, 673 N.Y.S.2d 350, 356, 696 N.E.2d 174

(1998). Contract language is not ambiguous "where it has a definite and precise meaning, unattended by danger of misconception in the purport of the contract itself, and concerning which there is no reasonable basis for difference of opinion." *JA Apparel Corp. v. Abboud*, 568 F.3d 390, 396 (2d Cir. 2009) (internal quotations and citation omitted). "Language whose meaning is otherwise plain does not become ambiguous merely because the parties urge different interpretations in the litigation." *Hunt Ltd v. Lifschultz Fast Freight, Inc.*, 889 F.2d 1274, 1277 (2d Cir. 1989). Rather, a contract is ambiguous if the terms of the contract "could suggest more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement . . . ." *Id.* at 466 (quoting *Int'l Multifoods Corp. v. Commercial Union Ins. Co.*, 309 F.3d 76, 83 (2d Cir. 2002)). Whether a written contract is ambiguous is a question of law for the Court. *Id.*

Here, plaintiffs agreed to release the City and "all past and present officials, employees, representatives, and agents of the City . . . from any and all liability, claims, or rights of action alleging a violation of [their] civil rights and any and all related state law claims, from the beginning of the world to the date of [the Releases]," which was May 14, 2015. The language of the Releases is unambiguous.[4] *See Dinkins v. Decoteau*, No. 15-CV-8914 (GHW), 2016 WL 3637169, at *3 (S.D.N.Y. June 29, 2016) (holding that identical wording was unambiguous);

---

[4] Plaintiffs argue that the Stipulation of Settlement, which includes language from the Releases, contains a provision that limits the scope of the Releases to the claims in *Nathaniel I*. The limiting provision states "[t]his stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except to enforce the terms of this agreement." (Stipulation of Settlement at ¶ 4.) Plaintiffs are mistaken. This language is designed to prevent the parties from using the settlement agreement to prove the merits of a subsequent litigation, not to prevent the parties from enforcing the Releases, as defendants are seeking to do here. Indeed, notwithstanding the presence of this language, courts have routinely considered similar settlement agreements and concluded that these agreements bar subsequent actions. *See Tromp v. City of New York,* 465 F. App'x 50, 52 (2d Cir. 2012) (settlement agreement, in conjunction with a general release, that contains language similar to that in paragraph 4); *Roberts v. Doe 1*, No. 14-CV-9174 (AJP), 2015 WL 670180, at *4–5 (S.D.N.Y. Feb. 17, 2015) (same); *Springle v. City of New York,* 11-CV-8827 (NRB), 2013 WL 592656, at *2 (S.D.N.Y. Feb. 14, 2013) (same); *Chepilko v. City of New York,* 10-CV-2878 (ARR), 2012 WL 2792935, at *1 (E.D.N.Y. July 6, 2012) (same). Plaintiffs' attempt to avoid the consequences of the Releases, therefore, is rejected.

4

*Cuadrado v. Zito*, No. 13-CV-3321 (VB), 2014 WL 1508609, at *2–3 (S.D.N.Y. Mar. 21, 2014) (same); *Waters v. Douglas*, No. 12-CV-1910 (PKC), 2012 WL 5834919, at *3–4 (S.D.N.Y. Nov. 14, 2012) (same). As police officers employed by the NYPD, defendants qualify as "past or present employees" of the City. This lawsuit, brought under 42 U.S.C. § 1983 and related state law, alleges violations of plaintiffs' civil rights. Finally, plaintiffs released all claims "from the beginning of the world" to the "date of this General Release," which would include all claims prior to May 15, 2015, the date the Releases were executed. Accordingly, the claims asserted in the instant complaint – occurring on November 14, 2014, February 3, 2015, and February 26, 2015 – are barred by the Releases. *See, e.g.*, *A.A. Truck Renting Corp. v. Navistar, Inc.*, 81 A.D.3d 674, 675 (2011) ("[W]ords of general release are clearly operative not only as to all controversies and causes of action between the releasor and releasees which had, by that time, actually ripened into litigation, but to all such issues which might then have been adjudicated as a result of pre-existent controversies.") (internal quotation marks and citation omitted).

## CONCLUSION

For the reasons set forth above, defendants' motion for judgment on the pleadings (Doc. No. 28) is granted, and the case is dismissed.[5] *See* Fed. R. Civ. P. 12(c). The Clerk of Court is respectfully directed to enter judgment and close this case.

---

[5] Defendants also move for sanctions against plaintiffs and their attorneys, pursuant to Rule 11 and 28 U.S.C. § 1927. (*See* Mot. Sanctions (Doc. No. 31).) Under Rule 11, courts may impose sanctions on a person who signs a pleading "without a belief, formed after reasonable inquiry, that the position espoused is factually supportable and is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law." *Caisse Nationale de Credit Agricole-CNCA, New York Branch v. Valcorp, Inc.*, 28 F.3d 259, 264 (2d Cir. 1994). Here, although plaintiffs' claims are without merit, the Court does not find that plaintiffs' arguments are frivolous or made in bad faith. *See Shady Records, Inc. v. Source Enterprises, Inc.*, 351 F. Supp. 2d 74, 79 (S.D.N.Y. 2004). Accordingly, defendants' motion for sanctions is denied.

SO ORDERED.

Dated: Brooklyn, New York
      September 6, 2017

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge